**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-7678

WILTON RICHARD JULIAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-92-377, CA-96-1824-6-3AK)

Submitted: April 17, 1997

Decided: May 2, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Wilton Richard Julian, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wilton Richard Julian seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). We deny a certificate of appealability and dismiss.*

Julian first contends that his attorney was ineffective for failing to object to his receipt of multiple enhancements under United States Sentencing Commission, Guidelines Manual, § 2B3.1(b)(2) (Nov. 1992), for both use of a dangerous weapon and express threat of death. This court has not yet addressed the propriety of multiple enhancements under this section. However, even assuming that application of both enhancements was erroneous, Julian has not demonstrated that his attorney's failure to object on this basis constituted ineffective assistance. Contrary to Julian's assertion, he received a multiple enhancement in only one of the three counts of his conviction. Thus, because the two remaining counts retain the same offense level and any reduction to the offense level in the remaining count is minimal, the principles of USSG § 3D1.4 leave Julian's combined offense level unchanged. Julian therefore cannot establish the prejudice necessary to establish ineffective assistance. See Strickland v. Washington, 466 U.S. 668 (1984) (providing standard).

Julian next contends that his attorney was ineffective for failing to argue, under USSG § 4A1.3, that his criminal history score overrepresented the seriousness of his past criminal conduct. Julian explains that over half of his twenty criminal history points are attributable to convictions for driving under the influence and other driving viola-

_____

*Julian concedes that he did not pursue a direct appeal from his sentence, but argues that this failure is excused by the existence of cause and prejudice in the form of ineffective assistance. Julian's arguments demonstrate a misunderstanding of cause and prejudice, however, because he asserts that his attorney was ineffective for failing to raise contested errors at sentencing, we will review his motion as raising his substantive claims under a theory of ineffective assistance.

2

tions. He argues that these driving offenses are minor and the DUI convictions denote a social illness rather than a criminal propensity.

A conviction for driving under the influence is a serious conviction warranting consideration in the calculation of a defendant's criminal history category. Further, even after factoring out the remaining, "less serious" driving offenses, Julian still has enough criminal history points to warrant his inclusion in criminal history category VI. We therefore find that his attorney's failure to move for a departure under USSG § 4A1.3 does not constitute ineffective assistance.

Given Julian's failure to demonstrate ineffective representation, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED